NEWMAN, D.B.A. NEWMAN COMPANY, APPELLEE, *v.* INDUSTRIAL GLOVE CLEANING COMPANY, APPELLANT.

(No. 50985—Decided October 15, 1986.)

*Thomas J. Jacobs,* for appellee.
*Edwin Davilia,* for appellant.

PARRINO, J. Industrial Glove Cleaning Company, defendant-appellant, appeals from a Cleveland Municipal Court decision awarding payment of $1,816.57, interest and costs to plaintiff-appellee, Edward Newman, d.b.a. the Newman Company.

On September 20, 1985, judgment was entered on behalf of plaintiff, who, pursuant to a lease signed by both parties, was entitled to payment of water charges levied against the demised premises.

Appellant asserts one assignment of error:

"The trial court erred in not filing the requested findings of fact and conclusions of law."

This assignment is without merit.

On September 30, 1985, appellant filed a timely notice of appeal. On that same day, it filed a request for findings of fact and conclusions of law in the trial court pursuant to Civ. R. 52.

On October 3, 1985, the trial court directed counsel for the parties to prepare and submit to the court by October 25, 1985 proposed findings of fact and conclusions of law. The court may so direct counsel pursuant to Civ. R. 52, which provides in pertinent part as follows:

"When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those findings of

fact and conclusions of law made by the court shall form part of the record."

Appellee filed proposed findings and conclusions on October 24, 1985. It appears from the record that appellant did not file proposed findings and conclusions.

Appellant fails in its request for findings and conclusions for two major reasons.

First, appellant was not timely in its request for findings and conclusions. Civ. R. 52 provides in pertinent part:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, *or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision,* whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law." (Emphasis added.)

This court has construed "notice of the court's announcement of its decision" in Civ. R. 52 "to mean the journalization of the judgment if the decision was not announced in open court at an earlier time." *Professional Business Systems, Inc.* v. *Koba* (May 5, 1983), Cuyahoga App. No. 45406, unreported, at 7.

Here, there was no timely request for findings, as appellant's request was made ten days after the judgment was journalized.

Second, this court in *Buckingham* v. *Buckingham* (Aug. 4, 1983), Cuyahoga App. No. 45415, unreported, held at 2:

"* * * *[W]here a party requesting*

*findings of fact and conclusions of law has failed to prepare proposed findings and conclusions when directed, that party is not entitled to have findings and conclusions entered by the trial court. Keene* v. *Ohio Title Corporation* (Feb. 3, 1972), Cuyahoga App. No. 30972, unreported; see, also, *Smakula* v. *Smakula* (April 14, 1977), Cuyahoga App. No. 36273, unreported. *Plaintiff may therefore, by his inaction, be held to have waived any objection to the failure of the court to file findings and conclusions.*" (Emphasis added.)

In the instant case, appellant failed to prepare proposed findings and conclusions when directed. Its inaction has resulted in a waiver. Thus, it did not comply with Civ. R. 52 in two major respects: (1) by filing an untimely motion, and (2) by waiver of objection.

Accordingly, we find no merit in appellant's argument.

*Judgment affirmed.*

JACKSON, P.J., and ANN MCMANAMON, J., concur.