MORO, Appellee,

v.

MORO, Appellant.

[Cite as *Moro v. Moro* (1990), 68 Ohio App.3d 630.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57218.

Decided July 16, 1990.

*Don P. Brown,* for appellee.

*John H. Bever,* for appellant.

ROBERT B. FORD, Judge.

Defendant-appellant, Nick James Moro, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which granted the plaintiff-appellee, Roberta Ann Moro, a divorce and divided the marital assets.

On January 17, 1952, the appellant and appellee were married in Cleveland, Ohio. Two children were born of the marriage.

On November 20, 1987, the appellee filed a complaint for divorce based upon the ground of gross neglect. On November 1, 1988, a non-jury trial was conducted with regard to the appellee's complaint for divorce.

On January 11, 1989, the trial court journalized a judgment entry of divorce which provided that:

(1) the appellee be granted a divorce from the appellant;

(2) the voluntary distribution of tangible personal assets be incorporated into the judgment entry of divorce;

(3) a Qualified Domestic Relations Order be drafted to reflect a one-half division of the TESPHE and TRASOP accounts, and the Ford Motor Co.– U.A.W. Retirement Pension Plan between the appellant and the appellee;

(4) the proceeds of the sale of the marital home be equally divided between the appellant and the appellee;

(5) the Ford Money Market Fund be equally divided between the appellant and the appellee;

(6) the 1973 Gulfstar Trawler be sold and all net profits be equally divided between the appellant and appellee or that the appellant purchase the appellee's interest for the sum of $25,000; and

(7) the appellee be awarded support alimony in the amount of $500 per month for three years and $300 per month for twenty-four months thereafter for a total of alimony support payments for a period of five years.

On January 17, 1989, the appellant filed a request for findings of fact and conclusions of law pursuant to Civ.R. 52. On March 13, 1989, the trial court ordered both the appellant and the appellee to submit proposed findings of fact and conclusions of law. The appellant, however, failed to file the requested proposed findings of fact and conclusions of law. On April 10, 1989, the trial court denied the appellant's Civ.R. 52 motion for findings of fact and conclusions of law.

The appellant raises five assignments of error for review by this court.

## I

The appellant's first assignment of error is that:

"The trial court erred in denying defendant-appellant's request for findings of fact and conclusions of law."

The appellant, in his first assignment of error, argues that the trial court erred in denying his request for findings of fact and conclusions of law as made per Civ.R. 52.

This assignment of error is not well taken.

■ Although the appellant requested that the trial court file findings of fact and conclusions of law, the record reveals that the appellant failed to file proposed findings of fact and conclusions of law as directed by the trial court. This court, in *Buckingham v. Buckingham* (Aug. 4, 1983), Cuyahoga App. No. 45415, unreported, 1983 WL 5602, established that a party waives his right to findings of fact and conclusions of law where the requesting party has failed to prepare and submit proposed findings of fact and conclusions of law as directed by the trial court.

"This court has held that where a party requesting findings of fact and conclusions of law has failed to prepare proposed findings and conclusions when directed, that party is not entitled to have findings and conclusions entered by the trial court. *Keene v. Ohio Title Corporation* (Feb. 3, 1972), Cuyahoga App., No. 30972, unreported; *see also Smakula v. Smakula* (April 14, 1977), Cuyahoga App., No. 36273, unreported. Plaintiff may therefore, by his inaction, be held to have waived any objection to the failure of the court to file findings and conclusions." *Buckingham v. Buckingham, supra,* at 2.

The failure of the appellant to submit proposed findings of fact and conclusions of law, as directed by the trial court, constituted a waiver of any objection to the failure of the trial court to file findings of fact and conclusions of law.

The appellant's first assignment of error is not well taken.

## II

The appellant's second assignment of error is that:

"The trial court erred in granting the plaintiff-appellee a divorce on the ground of gross neglect of duty."

The appellant, in his second assignment of error, argues that the record fails to support the trial court's finding of gross neglect of duty.

This assignment of error is not well taken.

In *Glimcher v. Glimcher* (1971), 29 Ohio App.2d 55, 58 O.O.2d 37, 278 N.E.2d 37, the Franklin County Court of Appeals opined that a finding of gross neglect is dependent upon the circumstances of each particular case.

This court, in *Kniffen v. Kniffen* (Jan. 17, 1985), Cuyahoga App. No. 48430, unreported, 1985 WL 7443, adopted the holding of *Glimcher* and stated that:

"Appellant argues that she presented sufficient evidence of gross neglect of duty and that the trial court erred in dismissing her claim. Whether evidence supports the grounds for a divorce or for alimony is within the discretion of the trial court. Gross neglect of duty depends upon the circumstances of the particular case, and such neglect is more than ordinary neglect. *Glimcher v. Glimcher* (1971), 29 Ohio App.2d 55 [58 O.O.2d 37, 278 N.E.2d 37]. Gross neglect is an omission of duty. Failure to support does not constitute gross neglect if such failure does not exist at the time of trial. *Mark v. Mark* (1945), 145 Ohio St. 301 [30 O.O. 534, 61 N.E.2d 595]. Possible or probable failure to support in the future does not measure up to gross neglect. *Id.*" *Kniffen v. Kniffen, supra,* at 4.

■ A review of the present case reveals support for a finding of gross neglect of duty on the part of the appellant. The record demonstrates that: (1) the appellant struck and thus physically abused the appellant on numerous occasions; (2) the appellant was sullen, moody, and constantly argued with the appellee; (3) the appellant had his wedding ring melted down by a jeweler; (4) the appellant verbally abused the appellant; and (5) the appellant, for periods of days and weeks at a time, refused to speak to the appellee, which in turn resulted in mental anguish and injury to the appellee.

The trial court did not abuse its discretion in finding a gross neglect of duty on the part of the appellant. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. The appellant's continuing course of conduct toward the appellee was indeed indicative of gross neglect of duty. *Willis v. Willis* (1984), 19 Ohio App.3d 45, 19 OBR 112, 482 N.E.2d 1274; *Pfalzgraf v. Pfalzgraf* (Oct. 25, 1979), Fairfield App. No. 14–CA–79, unreported.

Thus, the appellant's second assignment of error is not well taken.

### III

The appellant's third assignment of error is that:

"The trial court erred in allowing sustenance alimony to the plaintiff-appellee."

The appellant, in his third assignment of error, argues that the trial court abused its discretion in awarding support alimony to the appellee for a period of five years.

This assignment of error is well taken in part.

Although the trial court awarded the appellee support alimony in the amount of $500 a month for three years and $300 a month for a period of two years thereafter for a total of five years of support alimony, a review of the record fails to indicate that the court set forth a basis for its award of alimony.

The Supreme Court of Ohio, in *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, established that a trial court must set forth in sufficient detail the *basis* or rationale which supports the award of alimony. This "basis" is required so that the appellate court may review whether the trial court considered the statutory factors of R.C. 3705.18 and did not abuse its discretion in awarding sustenance alimony.

"In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." *Kaechele v. Kaechele, supra,* paragraph two of the syllabus.

Therefore, the trial court's award of sustenance alimony is vacated and the matter is remanded to the trial court for a redetermination of the award of sustenance alimony and the inclusion of a basis for award pursuant to *Kaechele v. Kaechele, supra.*

The appellant's third assignment of error is well taken in part.

## IV

The appellant's fourth assignment of error is that:

"The trial court erred in finding the money market fund in the amount of $9,800.00 to be a marital asset and awarding the plaintiff-appellee $4,903.86 thereof."

The appellant, in his fourth assignment of error, argues that the trial court erred in finding that the Ford Money Market Fund, which contained $9,800, was a marital asset subject to division per R.C. 3105.18.

This assignment of error is not well taken.

The Supreme Court of Ohio, in *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 21 OBR 371, 488 N.E.2d 150, reaffirmed the principle that the trial

court is vested with the broad discretionary power to divide marital property vis-a-vis R.C. 3105.18.

In *Avis v. Avis* (May 23, 1985), Cuyahoga App. No. 48832, unreported, 1985 WL 9027, this court addressed the issue of marital property and stated that:

"In general, marital property is presumed to include all property acquired during the marriage or those assets produced or earned as a result of the parties' mutual efforts. This presumption may be overcome, however, by proof that the property was acquired before the marriage, or by gift, bequest, devise or descent. See *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 413 [75 O.O.2d 474, 481, 350 N.E.2d 413, 422]; see, also, *Black v. Black* (June 4, 1981), Cuyahoga App. No. 43005, unreported." *Avis v. Avis, supra,* at 14.

■ Herein, the record clearly reveals that the Ford Money Market Fund, which contained $9,800, was a marital asset subject to division by the trial court. Specifically, testimony was adduced at trial which demonstrated that: (1) the money market account was established and funded during the marriage; (2) on previous occasions, the appellant had withdrawn funds from the money market account to establish an IRA for the appellee; and (3) the appellant indicated to the appellee that the money market account was to be used for purposes of retirement on behalf of both parties. Thus, the Ford Money Market Fund, as established by the appellant, was a marital asset subject to division by the trial court. Cf. *Hughes v. Hughes* (1988), 35 Ohio St.3d 165, 518 N.E.2d 1213; *Stevens v. Stevens* (1986), 23 Ohio St.3d 115, 23 OBR 273, 492 N.E.2d 131.

The appellant's fourth assignment of error is not well taken.

V

The appellant's fifth assignment of error is that:

"The trial court erred in finding the value of the 1973 Gulfstar Trawler boat to be $50,000.00, and ordering the same to be sold."

The appellant, in his fifth assignment of error, argues that the trial court erred in valuing the marital asset of a 1973 Gulfstar Trawler at $50,000.

This assignment of error is not well taken.

A review of the appellant's fifth assignment of error fails to disclose that the appellant has specifically argued and briefed the fifth assignment of error. The appellant's brief, in support of the fifth assignment of error, merely recites portions of the transcript without the benefit of argument.

App.R. 12(A) provides in pertinent part that:

" ' * * * Errors not specifically pointed out in the record *and separately argued by brief may be disregarded.* All errors assigned and briefed shall be passed upon by the court in writing, stating the reasons for the court's decision as to each such error.' " (Emphasis added.)

In addition, the Supreme Court of Ohio, in *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 519 N.E.2d 390, stated that:

" * * * In our view, the court of appeals acted well within its discretion in overruling or disregarding the sixth assignment of error because given the lack of briefing on this assigned error, the plain language of * * * [App.R. 12(A)] permits such a disposition. As this court stated on a prior occasion, '[e]rrors not treated in the brief will be regarded as having been abandoned by the party who gave them birth.' *Uncapher v. Baltimore & Ohio Rd. Co.* (1933), 127 Ohio St. 351, 356, 188 N.E. 553, 555." *Hawley v. Ritley, supra*, 35 Ohio St.3d at 159, 519 N.E.2d at 392.

■ Notwithstanding the failure of the appellant to brief his fifth assignment of error, a substantive review of the fifth assignment of error fails to disclose that the trial court erred in valuing the 1973 Gulfstar Trawler at $50,000. Testimony and evidence was adduced at trial from two experts on behalf of both the appellant and the appellee in an effort to establish the value of the 1973 Gulfstar Trawler.

This court will not reverse a trial court's determination of valuation which is based upon competent, credible evidence absent a showing of an abuse of discretion. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; *Maloof v. Maloof* (Mar. 17, 1988), Cuyahoga App. No. 53377, unreported, 1988 WL 32127.

Herein, the trial court based its valuation upon the testimony adduced on behalf of the appellee. We find no abuse of discretion in the trial court's valuation of the 1973 Gulfstar Trawler in the amount of $50,000 or that the appellant be allowed to purchase the appellee's one-half interest in the boat for the sum of $25,000.

The appellant's sixth assignment of error is not well taken.

The judgment is affirmed in part, reversed in part, and the cause is remanded.

*Judgment accordingly.*

KRUPANSKY, P.J., and PRYATEL, J., concur.

AUGUST PRYATEL, J., retired of the Eighth Appellate District, and ROBERT B. FORD, J., retired, of the Geauga County Common Pleas Court, sitting by assignment.