OPINION.
In Lane v. Cincinnati Civil Service Commission (1997),122 Ohio App.3d 663, 702 N.E.2d 905 ("Lane I"), this court ruled that the city of Cincinnati had improperly abolished four district-fire-chief positions and that the plaintiffs-appellees were entitled to promotion into those positions. We also held that summary judgment in favor of the plaintiffs-appellees for their attorney fees, on the basis of bad faith on the part of the city, was improper and that a hearing was required on that issue. Although we remanded the case for a hearing on the merits to resolve whether the city had acted in bad faith, our judgment pertaining to the vacant district-fire-chief positions was appealed by the city. After the Supreme Court of Ohio declined to hear that appeal in December 1997, the city failed to effect the promotions.
Because of the city's failure to effect the promotions, the plaintiffs-appellees, on January 28, 1998, filed a motion to hold the city in contempt. Prior to a hearing on this motion, the city promoted some of the plaintiffs-appellees into the four vacant positions, including the lead plaintiff-appellee, Thomas Lane, who had retired during the course of the appeals. Since Lane was retired, there remained one vacancy that a fifth plaintiff-appellee should have been promoted to fill. Instead of promoting the fifth plaintiff-appellee into that vacant position, the city promoted an individual who had not been a part of the litigation and who had not been on the promotion-eligible list that precipitated this dispute. Furthermore, the city failed to award back pay to the promotion dates ordered by the trial court.
Due to the failure to promote one of the plaintiffs-appellees and to award back pay as ordered, the plaintiffs-appellees filed a second contempt motion. The trial court held two hearings on that motion and found the city in contempt. Before imposing sentence on the city for its contempt, the trial court gave the city one month to purge the contempt and to comply with its order and the holdings of this court. Because the city failed to purge itself of the contempt, the trial court fined the city $250 per day until it did comply. The city, in turn, appealed the contempt finding to this court.
In Lane v. Cincinnati (Apr. 16, 1999), Hamilton App. No. C-980475, unreported ("Lane II"), we upheld the trial court's finding of contempt and further ordered the immediate promotion of the remaining plaintiff-appellee to district fire chief and back pay for all of the plaintiffs-appellees to the dates set forth by the trial court. We also stated that the city had an affirmative duty to promote all the firefighters in accordance with the trial court's order of August 8, 1996, as modified byLane I.
While Lane II was pending before this court, the trial court went ahead with its merit hearing on the matter of attorney fees. Although the trial court had already found, during the contempt hearings, that the city had acted in bad faith, that determination did not become a final appealable order until September 3, 1999, when the trial court entered its findings of fact and conclusions of law.
The city raises two assignments of error in this third appeal. In the first assignment of error, the city challenges the trial court's finding that the city had acted in bad faith. The city claims that the bad-faith finding was against the manifest weight of the evidence. We disagree.
Weight of the evidence is a matter left primarily to the trier of fact, and its assessment will not be reversed if the judgment is supported by competent, credible evidence. See C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578. The rule in Ohio is that, absent a statutory provision, a prevailing party is entitled to an award of attorney fees if that party demonstrates bad faith by the party against whom attorney fees are sought. See State ex rel. Durkin v. Ungaro (1988),39 Ohio St.3d 191, 529 N.E.2d 1268. When a city refuses to follow a decision of a civil service commission, and the courts uphold that decision, an award of attorney fees is appropriate if there is evidence that the city engaged in actions that went "beyond legitimate points of contention" and "degenerated into a series of delay[ing] tactics." Id. at 194, 529 N.E.2d at 1270.
In this case, the city failed to carry out its duty to promote and to issue back pay to the plaintiffs-appellees after the Supreme Court of Ohio declined to hear the city's appeal. The city began to comply with court orders only when faced with contempt. Even then, the city failed to promote all of the plaintiffs-appellees as ordered by the trial court, and misrepresented to the trial court that its orders had been followed. Additionally, when given sufficient opportunity to purge itself of the contempt, the city simply ignored the trial court and refused to effect the remaining promotions and to issue back pay. Not until contempt sanctions were levied against the city on June 1, 1998, did the city comply fully with the orders of the trial court.
Our review of the record in this case discloses the appropriate support for the trial court's bad-faith finding. Once the city had exhausted its rightful appeals in Lane I, the city had a legal duty to promote the plaintiffs-appellees and to award back pay. The finding of contempt was collateral to and consistent with the trial court's finding of bad faith. We hold that the city went beyond legitimate points of contention when it continued to argue issues that had already been decided on appeal in an apparent effort to avoid promoting all of the plaintiffs-appellees and awarding back pay as ordered. Furthermore, we hold that the city engaged in a series of delaying tactics when it purposefully failed to follow the law and to obey the orders of the trial court as modified by Lane I. We affirm the trial court's finding of bad faith and its award of attorney fees to plaintiffs-appellees and overrule the city's first assignment of error.
The second assignment of error raised by the city alleges that the trial court erred when it issued findings of fact and conclusions of law on certain issues, when such findings and conclusions had not been requested. We note that although the city requested certain findings of fact and conclusions of law, the city failed to submit proposed findings of fact and conclusions of law as requested by the trial court. Since the city failed to submit proposed findings of fact and conclusions of law, the trial court was under no obligation to make any findings and conclusions. See Newman v. Industrial GloveCleaning Co. (1986), 34 Ohio App.3d 41, 516 N.E.2d 1278; Morov. Moro (1990), 68 Ohio App.3d 630, 589 N.E.2d 416. Thus, even though the trial court journalized its own findings of fact and conclusions of law, the city's failure to submit proposed findings and conclusions waived any objection to the court's findings. Cf. id. We, therefore, overrule the city's second assignment of error, and affirm the trial court's judgment.
Judgment affirmed.
 HILDEBRANDT, P.J., and PAINTER, J., concur.