JOURNAL ENTRY AND OPINION
Andrew Golden appeals from a judgment of the juvenile court adjudicating him to be delinquent and committing him to the Ohio Department of Youth Services. On appeal, Golden argues the court erred by proceeding to disposition because the magistrate failed to prepare and file findings of fact and conclusions of law after being requested to do so. After careful review, we have concluded the court did not err and therefore, we affirm the judgment of the court.
The record before us reveals that on May 18, 1999, in the vicinity of 1312 East 77th Street, Christopher Gibbs physically restrained Yolanda Williams while Golden raped her. Following the incident, Williams went home and reported the incident to her mother and her sister. They immediately summoned the police. Upon their arrival at her home, Williams identified Golden as the individual who raped her. The police then arrested him in his home.
At his arraignment in juvenile court, Golden denied the delinquency charge arising from his conduct with Williams. On August 5, 1999, a magistrate conducted a trial and recommended that he be adjudicated delinquent. In a journal entry dated August 23, 1999, the court adopted the magistrate's recommendation, adjudicated Golden delinquent, and ordered his counsel to file proposed findings of fact and conclusions of law. The court then set the matter for disposition on September 27, 1999.
The record further reflects that Golden's counsel did not file proposed findings of fact and conclusions of law until September 20, 1999, nor did he file an objection to the magistrate's decision. The matter proceeded to disposition, where the court, after hearing from the probation officer, counsel for both parties, as well as Golden, committed Golden to the Ohio Department of Youth Services for a minimum term of two years and a maximum period not to exceed the age of twenty-one. Golden now appeals and sets forth the following assignment of error for our review:
 THE TRIAL COURT ERRED BY PROCEEDING TO DISPOSITION WHERE REQUESTS FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW WERE FILED BY BOTH PARTIES HOWEVER THE MAGISTRATE FAILED TO PREPARE AND FILE THE SAME MAKING IT IMPOSSIBLE FOR EITHER PARTY TO FILE OBJECTIONS THERETO OR FOR THE COURT TO FINALLY RULE THEREON.
Golden urges the court erred when it proceeded to disposition because the magistrate failed to include findings of fact and conclusions of law in the decision after being requested to do so, contrary to Juv.R. 40(E)(2). The state contends, however, that the court properly proceeded to disposition because Golden's counsel failed to file the proposed findings of fact and conclusions of law within the ten day period ordered by the court and because he failed to file objections to the magistrate's decision.
Thus, we are concerned with whether the court properly proceeded to disposition without an amended magistrate's decision. Juv.R. 40(E)(2) states:
 If any party makes a request for findings of fact and conclusions of law under Civ.R. 52 or if findings and conclusions are otherwise required by law or by the order of reference, the magistrate's decision shall include findings of fact and conclusions of law. If the request under Civ.R. 52 is made after the magistrate's decision is filed, the magistrate shall include the findings of fact and conclusions of law in an amended magistrate's decision.
In Moro v. Moro (1990), 68 Ohio App.3d 630, our court considered a similar case to this where counsel requested findings of fact and conclusions of law but failed to file them as the court directed. We stated:
 This court has held that where a party requesting findings of fact and conclusions of law has failed to prepare proposed findings and conclusions when directed, that party is not entitled to have findings and conclusions entered by the trial court. * * * Plaintiff may therefore, by his inaction, be held to have waived any objection to the failure of the court to file findings and conclusions. * * * (Emphasis added).
 The failure of the appellant to submit proposed findings of fact and conclusions of law, as directed by the trial court, constituted a waiver of any objection to the failure of the trial court to file findings of fact and conclusions of law.
In this case, the trial court's journal entry of July 1, 1999, states in part:
 It is ordered that Attorney Patrick Leneghan, counsel for Andrew Golden, file proposed finding of fact and conclusions of law no later that [sic] ten (10) working days following receipt of this order.
Golden's counsel, however, did not file his proposed findings of fact and conclusions of law until September 20, 1999. In this case, then, in accordance with Moro, because counsel failed to submit proposed findings of fact and conclusions of law as directed by the trial court, he has waived his right to object to the court's failure to file findings of fact and conclusions of law.
The state also contends that Golden has failed to file objections to the magistrate's decision in this case and Golden does not contend this position. In Assad v. Assad (1999), 131 Ohio App.3d 654, we determined that a husband's failure to object to a magistrate's decision in the domestic relations court waived his right to appeal the matter.
Thus, in this case, we have concluded in accordance with Assad, Golden waived his right to appeal the magistrate's decision. Accordingly, this assignment of error is not well taken and is overruled. The judgment of the court is therefore affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., PATRICIA A. BLACKMON, J., CONCUR
 _______________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE