OPINION
Defendant-appellant, Larry Travis, appeals from the judgment of the Marion County Court of Common Pleas, Domestic Relations Division. For the following reasons we reverse the judgment of the trial court.
Larry and plaintiff-appellee, Connie Travis, were married on May 12, 1995. Prior to the marriage, Larry and Connie had cohabitated in a home purchased by Connie. Larry assisted Connie in meeting the closing costs on the purchase. Prior to the marriage, Larry and Connie made various improvements to the home. The costs of the improvements were either paid by Connie or split between the two. Some of the supplies for the improvements, such as the ceiling fans and portions of the fence, came from Larry's prior home. Additional improvements made to the house before the marriage included an addition of a pool and decks. The cost of these improvements was split between the parties and they both provided labor. While Connie made most of the mortgage payments, Larry paid the majority of the other household bills.
In October 1998, the parties separated and maintained separate residences. Connie filed for divorce on December 16, 1998. The parties could not reach an agreement on an equitable division of property, so hearings on the matter were held on April 12 and July 28, 2000. The trial court entered a judgment granting the divorce and dividing the property on August 22, 2000.
Larry appealed the trial court's decision, and this court reversed and remanded the case on March 16, 2001. This court held, in pertinent part, that the trial court erred in not addressing the increase in value of marital property, namely the increase in value to the marital residence at 315 Franconia Avenue.
On remand, in an entry dated May 29, 2001, the trial court ordered Connie to provide the court with the balance of the mortgage, as of the date of marriage, and the interest rate of the mortgage loan. Based upon this information, the trial court, on August 6, 2001, found that the increase in equity during the marriage was $6,417.47. The court also found that Larry made improvements and repairs to the real property totaling $1,250.00. In total, the trial court found that the increase in value to the real property during the marriage due to the contribution of both parties is $7,542.47 and that portion is a marital asset. The trial court also reversed its original judgment with regard to Larry's auto repair business, finding that the debt against tools purchased during the marriage was marital debt.
The appellant now appeals asserting the following two assignments of error. For purposes of clarity and brevity, we will address both of the assignments of error together.
 ASSIGNMENT OF ERROR NO. I The trial court erred to the prejudice of defendant-appellant by finding that the marital appreciation of the residence at 315 Franconia Avenue was only $7,542.47.
 ASSIGNMENT OF ERROR NO. II The trial court erred to the prejudice of defendant-appellant by finding and concluding that the business of the defendant-appellant included a marital component valued at $7,500.
R.C. 3105.171 governs the distribution of marital and separate property; however, it sets forth no particular way to determine the value of property.[1] A reviewing court will uphold "a trial court's determination of valuation which is based upon competent, credible evidence absent a showing of an abuse of discretion."[2] Deference to the trial court's holding is based on its ability "to view the witnesses and observe their demeanor" in giving weight to their testimony.[3]
Furthermore, an abuse of discretion constitutes "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[4]
The trial court determined that the real estate was Connie's separate property. R.C. 3105.171(A)(6)(a) provides, in pertinent part:
 "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any one of the following:
 (i) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage.
 "Marital property" includes "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage."[5]
The trial court found that the increase in equity during the marriage was $6,417.47. This figure is based upon evidence that the mortgage balance at the date of the marriage was $24,000.00. The court then applied an amortization schedule at 8.5% interest, and found that the mortgage balance after 59 months of marriage was $17,582.53. These figures are uncontested. What the appellant contests is the trial court's valuation of repairs and improvements to the house.
We note that the trial court found that the increase in value of the real estate due to the improvements and contributions made by both parties was inconclusive. The trial court stated that no evidence was presented that repairs or improvements increased the value of the property more than the cost of the repairs or improvements. The trial court concluded that giving "dollar for dollar credit for these improvements," the appellee received a $1,125 benefit to the real property.
The court's factual findings and legal conclusions regarding the marital residence, standing alone, are inadequate. The judgment entry does not explicitly recite the underlying reasons for the value that the court placed on the marital appreciation of the residence due to improvements and repairs. The appellant has recited multiple improvements to the home during the marriage which allegedly exceed $1,125.00. Among these improvements were the installation of an above-ground swimming pool; the installation of vinyl siding to the house; and the installation of steel overhead doors to the garage. The siding and pool (with the deck) cost an alleged $8,500.
Thus, there is the credible appearance of a discrepancy between the cost of the repairs and improvements and the value added to the property as determined by the trial court. Without an explanation for this inconsistency, we find the trial court's decision on this issue is unreasonably low. Upon remand, the trial court should delineate the basis for the appreciation of the marital property.
In his second assignment of error, the appellant argues that the trial court's classification of half of his business as marital is unsupported by the evidence and is contrary to the trial court's initial classification of the property as Larry's separate property.
Larry testified that he has owned the business, Larry's Auto Repair, for roughly twelve years, about half the time of the marriage. He valued the business at $15,000, but testified that the only asset of value in the business were the tools which were worth anywhere from $10-11,000. During the course of the marriage new tools were purchased as the business required. The appellant claimed that business had improved over the years but no evidence was elicited as to gross receipts or income at any point in the business's life. Business debts were owed to Snap-On Tools for the amount of $4,700 and to Fast Parts, an auto parts supplier, for the amount of $1,000.
In its August 22, 2000, judgment entry, the trial court concluded that Larry was the owner and operator of the business, and that he owned the business prior to the marriage. The trial court found that the business was Larry's separate property valued at $15,000. The court then awarded Larry the business and tools and held him responsible for amounts owed through his business for tools and auto parts.
The initial decision was subsequently appealed, though not on an assignment of error pertaining to Larry's business. On remand, the trial court sua sponte reversed its earlier decision, finding that half of the value of the tools were marital because they were purchased during the marriage. Although Larry testified that some of the tools were purchased during the marriage, no evidence was presented as to which tools were purchased before the marriage or which tools were purchased after the marriage. Yet, the court determined that $7,500 worth of the tools were purchased during the marriage and were, therefore, marital.[6]
Although the appellant testified that business improved over the course of the marriage, no evidence was elicited as to the dollar amount of the increase in the business' value or whether there was an increase in the value of the tools in that time. The court's valuation of the tools appears to be based upon the assumption that the business, which had half of its existence before the marriage and half of its existence after the marriage, grew by one-half during the course of the marriage. There being no competent evidence to this effect, the trial court's conclusion on this matter is arbitrary at best. Thus, we find that the trial court abused its discretion in finding that half of the value of the business is marital property.
Accordingly, the appellant's first and second assignments of error are sustained.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
SHAW, P.J., and BRYANT, J., concur.
[1] See Focke v. Focke (1992), 83 Ohio App.3d 552, 554.
[2] Moro v. Moro (1990), 68 Ohio App.3d 630, 637 citing SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
[3] Seasons Coal Co., supra.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[5] R.C. 3105.171(A)(3)(a)(iii).
[6] R.C. 3105.171(A)(3)(a)(ii).