[Cite as *Simic v. Accountancy Bd. of Ohio*, 2014-Ohio-3237.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100618**

## MICHAEL SIMIC

PLAINTIFF-APPELLANT

vs.

## ACCOUNTANCY BOARD OF OHIO

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-782489

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 24, 2014

**ATTORNEYS FOR APPELLANT**

Richard S. Koblentz
Bryan L. Penvose
Koblentz & Penvose, L.L.C.
55 Public Square
Suite 1170
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Michael DeWine
Attorney General

By:   Rachel Huston
Assistant Attorney General
30 East Broad Street
26th Floor
Columbus, OH   43215

SEAN C. GALLAGHER, J.:

{¶1} Plaintiff Michael Simic appeals the trial court's decision affirming the decision of the Accountancy Board of Ohio ("Board") revoking Simic's certified public accounting ("CPA") certificate for a one-year period. For the following reasons, we reverse the decision of the trial court.

{¶2} Simic owns and operates Simic CPA Co. ("the firm"), an accounting firm with a single member. Both the firm and Simic are subjected to a statutory licensing scheme monitored and controlled by the Board. Simic originally obtained his CPA certificate in 1993.

{¶3} The firm failed to renew its registration by the July 31, 2011 deadline. The Board sent Simic and the firm a letter, dated September 29, 2011, in which the Board notified Simic of the failure, and ordered the firm to cease and desist advertising with the CPA designation. The Board also extended the applicable renewal period to October 28, 2011. The firm did not remit the registration documents. In a letter dated November 10, 2011, the Board reissued the cease and desist order and notified Simic of its intent to pursue disciplinary action against Simic's CPA certificate and the firm's registration (which was never renewed), all pursuant to a violation of R.C. 4701.16(A)(11) (failure to pay the firm's triennial registration fee). It is important to note that at no point did the Board ever indicate its intent to pursue disciplinary action pursuant to any failure to comply with the cease and desist orders issued in the September or November 2011 letters.

{¶4} On November 28, 2011, Simic, on behalf of the firm, sent the registration documents to the Board, exactly 30 days late, including the $30 registration and $150 penalty fees. On December 20, 2011, the Board rejected the payment and refused to renew the firm's registration. At a later hearing, the Board adduced that the firm failed to timely renew its registration, an issue that was seemingly self-evident. Simic pleaded excusable neglect. His wife died at the end of October 2011, and he was hospitalized for a short period of time in November 2011. The Board, however, primarily focused on Simic's failure to take curative measures to comply with the cease and desist order. In an adjudication order dated May 1, 2012, the Board sanctioned Simic personally by revoking his CPA certificate for one year.

{¶5} Simic filed an administrative appeal to the Court of Common Pleas for Cuyahoga County, pursuant to R.C. 119.12, challenging the sanction. The trial court, in a published opinion, *Simic v. Accountancy Bd. of Ohio*, Cuyahoga C.P. No. CV-12-782489, 2013 Ohio Misc. LEXIS 85 (Oct. 29, 2013), affirmed the Board's decision, finding that the Board's sanctions were warranted in light of the fact that Simic failed to cease and desist from advertising his unregistered firm with the CPA designation.

{¶6} It is from this order that Simic timely appeals, advancing two assignments of error, claiming the Board's decision was contrary to law because of a one-year grace period to renew licensing pursuant to R.C. 4701.10(F) and because the board failed to adhere to its policy and procedures. We find merit to Simic's latter claim.

**{¶7}** "'In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court.'" *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, 897 N.E.2d 1096, ¶ 41, quoting *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster*, 22 Ohio St.3d 191, 193, 489 N.E.2d 288 (1986). Our review is limited to determining whether the trial court abused its discretion. *Id.*

**{¶8}** Pertinent to this dispute, Simic's firm was required to renew its triennial registration by July 31, 2011, pursuant to R.C. 4701.04, which states in part, that "[n]o public accounting firm located in this state shall engage in the practice of public accounting in this state unless it registers with the accountancy board and pays a registration fee set by the board." "The practice of public accounting" is further defined as performing any services involving the use of accounting or auditing skills. R.C. 4701.01(A).

**{¶9}** In addition to the statutory structure, the Board promulgated rules requiring firms to submit their registration renewal documents by July 31 of the year the previous registration expired. Ohio Adm.Code 4701-13-01(B)(3). Any failure to submit the documentation by the deadline results in the per se violation of R.C. 4701.16(A)(11). *Id.* at (C). R.C. 4701.16(B) in turn authorizes the Board, within its discretion, to revoke, suspend, or refuse to renew any CPA certificate based on the firm's failure to renew the registration.

**{¶10}** Simic argues that R.C. 4701.10(F), which allows for a grace period within which to renew a CPA certificate, should apply to the firm's registration despite the absence of any statutory language specifically extending the firm's registration deadline. To the contrary, Ohio Adm.Code 4701-13-01 specifically requires the firm registration renewal documents to be submitted prior to the July 31 deadline of the registration year. In Simic's case, that was July 31, 2011. As a result, the trial court correctly noted that R.C. 4701.10(F) applies to Simic's personal licensing and cannot be read to include the firm's registration.

**{¶11}** Further, the failure to adhere to that deadline is a per se violation of R.C. 4701.16(A)(11), subjecting Simic to possible disciplinary proceedings pursuant to R.C. 4701.16(B), in addition to a mandatory penalty fee based on the number of licenses in the firm. Ohio Adm.Code 4701-13-01(C). The penalty fee is $150 for firms with one to four permit holders, increasing to $300 after February 1 of the year following the firm's renewal deadline. *Id.* at (C)(1). Therefore, we must overrule Simic's first assignment of error. There is no grace period within which a firm is automatically entitled to renew its perfunctory registration requirement.

**{¶12}** Nevertheless, Simic advanced a due process argument grounded in the fact that the Board failed to follow its own policies and procedures with regard to the late registration. The firm was 30 days late in submitting the registration renewal documentation. The November 2011 letter notified Simic of his right to request a hearing before the Board levied sanctions against him or the firm because of that failure

to renew. The sole purpose of the administrative hearing before the Board was to determine whether it was appropriate to either discipline Simic personally or refuse the firm's registration renewal, or both.

{¶13} Rather than requesting a hearing, Simic submitted the firm's registration renewal documentation attached to the Board's "2011 Firm Registration Late Renewal Application." The Board's late renewal form indicated that the procedure for a late renewal was to submit the required documents with the nominal registration and penalty fees. That form provided that the penalty fee increases after January 31, 2012, indicating that submitting the form and fees before January 31, 2012, is an acceptable practice. The Board also stated in its procedural guidelines that firms can come into compliance after the November 2011 cease and desist letters are issued.[1]

{¶14} The Board refused the renewal request, citing the pending disciplinary action. There is, however, no authority allowing the Board to summarily refuse a late renewal application without a hearing. R.C. 4701.16(B) specifically authorizes the Board to refuse a firm's registration renewal after a hearing held pursuant to R.C. 4701.16(A). In this regard, effective December 20, 2012, the Board essentially sanctioned the firm by refusing to renew the late registration without a hearing. The Board then subjected Simic to the hearing and potential sanctions even though the firm

---

[1]The Board's enforcement and disciplinary policy manual states that after the expiration of the 30-day period following the November 11, 2011 cease and desist letter, firms still not in compliance with R.C. 4701.04 will be subjected to hearings. This, along with the Board's late renewal application, suggests a late renewal is possible after the November letter.

attempted to comply with the Board's late renewal process. The Board's procedures and late renewal forms, especially read in conjunction with R.C. 4701.16(B), support Simic's position that submitting the late renewal request 30 days late was an acceptable response to the Board's November 2011 notice.

{¶15} Nevertheless, the Board's final adjudication order should have been limited to sanctioning Simic personally, by suspending his CPA certificate, because of the firm's failure to timely renew its registration.[2] Despite this, the Board, and thereafter the trial court, exclusively focused on the firm's violation of the September 29, 2011 and November 10, 2011 cease and desist orders, a violation of R.C. 4701.14(C) (unlawful practice for an unregistered firm's use of the CPA designation), which itself may be the subject of a disciplinary action pursuant to R.C. 4701.16(A)(3).

{¶16} The Board's decision to sanction Simic by revoking his CPA certificate for a one-year period is a nullity and, therefore, unenforceable. R.C. 119.06 expressly states that an adjudication order is not valid unless an opportunity for a hearing is afforded in accordance with R.C. 119.01 to 119.13. R.C. 119.07 further provides that the notice

---

[2] In the Board's final adjudication order, the Board sanctioned Simic by revoking his CPA certificate and the firm by revoking its registration. In consideration of the undisputed fact that the Board already refused to renew the firm's registration, the Board's final adjudication revoking the firm's registration was a nullity; there was no registration to revoke. Further, the one-year prohibition against seeking reinstatement was expressly limited to Simic's CPA certificate. In this respect, the Board's argument, raised for the first time on appeal, that Simic committed the unauthorized practice of law by filing the appeal on behalf of the firm is nonsensical. The only sanction appealed was the one-year suspension of Simic's CPA certificate. It is not entirely clear that the firm would have standing to challenge the suspension of Simic's personal licensing.

required before the hearing must include "the charges or other reasons for the proposed action, the law or rule directly involved, and a statement informing the party that the party is entitled to a hearing * * *." The rule is stated in the conjunctive. The only notice provided focused on the firm's failure to timely submit its registration paperwork and fees — a deficiency Simic sought to remedy, prior to any hearing, based on the Board's own policies and procedures.

{¶17} As required by R.C. 119.07, the Board never notified Simic of its intent to pursue disciplinary action against Simic for any violation of R.C. 4701.16(A)(3) in advance of the sanctions meted out for that violation. The trial court abused its discretion in relying on the evidence demonstrating Simic's failure to comply with the cease and desist order as evidence warranting the sanctions imposed against Simic personally. The legislature specifically delineated a firm's unlawful use of a CPA designation as a separate violation of the Ohio Revised Code. The purpose of the cease and desist orders was to draw Simic and his firm's attention to the lack of the required registration. The Board's invocation of R.C. 4701.16(A)(11) (failure to timely renew registration), without specific notice, does not allow for the conduct underlying the violation of R.C. 4701.16(A)(3) (engaging in unlicensed practice) to be used as evidence warranting disciplinary action for the failure to renew the firm's registration. The Board was required to provide Simic with notice of the particular violations prior to the hearing to determine the sanctions. R.C. 119.07 (the notice "shall include the charges or other reasons for the proposed action, [and] the law or rule directly involved * * *"). The sole

issue before the Board was to determine whether to discipline Simic for the firm's failure to submit the registration renewal documentation, along with the nominal fees, 30 days earlier.   Neither the Board nor the trial court limited the inquiry accordingly.

{¶18} The Board failed to notify Simic of the potential for sanctions based on any failure to abide by the terms of the cease and desist orders.   In light of the fact that the sanction revoking Simic's CPA certificate for a one-year period is entirely based on his failure to cease and desist from advertising the firm with the CPA designation, the Board lacks any authority to enforce the sanction rendered through its May 1, 2012 adjudication order.   The trial court reviewed the record under the presumption that Simic's violation of the cease and desist orders could be the basis of the sanction imposed against Simic's CPA certificate, the only sanction challenged in the administrative appeal.   We therefore reverse the decision of the trial court.   The Board, without providing notice, lacked the authority to sanction Simic by suspending his CPA certificate for any violation of the cease and desist orders, and therefore, its final adjudication suspending Simic's CPA certificate is void.   *Chirila v. State Chiropractic Bd.*, 145 Ohio App.3d 589, 596, 763 N.E.2d 1192 (10th Dist.2001).

{¶19} The decision of the trial court is reversed.   The trial court correctly found that there is no statutory grace period within which a firm is automatically entitled to renew its perfunctory registration requirement.   The trial court, however, abused its discretion in affirming the sanction imposed against Simic's CPA certificate based on a

violation of the cease and desist orders. The Board's imposition of that sanction is a nullity in light of the fact that it failed to provide the required notice prior to imposing a sanction for the unregistered practice derived from the failure to abide by the cease and desist orders.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., CONCURS IN JUDGMENT ONLY