OPINION
{¶ 1} Appellant/cross-appellee, Nick Ricciardella, appeals from the August 4, 2003 judgment entry in which the Portage County Court of Common Pleas, Domestic Relations Division, overruled his motion for a new trial.
 {¶ 2} On May 17, 1985, appellant/cross-appellee and appellee/cross-appellant, Laureen Ricciardella, were married.[1] Two daughters were born as issue of the marriage: Krystal Ricciardella, who was born on January 1, 1986, and Michelina Ricciardella, who was born on November 9, 1989. Appellant filed for divorce on September 27, 2002, alleging incompatibility. On October 11, 2002, appellee filed her answer and counterclaim for divorce.[2] A contested trial on the divorce complaint was held on March 26, 2003. Both appellee and appellant testified.
 {¶ 3} The evidence presented at the hearing pertinent to this appeal revealed that appellant was employed as a garage service manager at Northfield Tire Company, making an annual salary of $57,000. Appellee was a high school graduate with no other formal training. She was forty-four years old at the time of the divorce hearing. Appellee was the homemaker and primary caretaker of the couple's two children. However, in addition, as the marriage disintegrated, she became self-employed as a commercial and residential cleaner. Her part-time annual income in 2002 was approximately $9,000. Appellee testified that she charged about $70 per job, and that it took her between three and four hours to complete a job. Her biggest client went out of business in September 2002. She also stated that she was unable to work as a cleaner forty hours per week due to a medical condition. Appellee was diagnosed with having primary bilinary cirrhosis, which caused her to be fatigued on some days. She explained that as a result of her condition that she may be able to work about six hours a day, but that she did not have the clients to work that amount of time.
 {¶ 4} On May 5, 2003, the trial court issued its divorce decree and awarded appellee custody of the two daughters. The trial court divided the marital property and ordered appellant to pay appellee spousal support in the amount of $800 per month for seventy-two months and child support in the amount of $333.44 a month per child. Appellant filed a motion for new trial on May 7, 2003. Thereafter, appellee filed a motion for new trial on May 14, 2003. In an entry dated June 16, 2003, the trial court granted appellant's motion for new trial as to the property and debt division, but the court made no change in the award of spousal support. Appellee then filed a "Motion for New Trial Motion for Relief from Judgment Pursuant to Rule 60(B)" on June 24, 2003. In a judgment entry dated August 4, 2003, the trial court overruled appellee's motion for new trial and for relief from judgment. It is from that entry that appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 5} "[1.] The trial court abused its discretion in awarding [a]ppellee spousal support of $800 per month for six years.
 {¶ 6} "[2.] The trial court's finding that [a]ppellee's annual earned income [of] $9,000 is against the manifest weight of the evidence, and fatally flaws the court's determination of spousal support.
 {¶ 7} "[3.] The trial court's finding that [a]ppellee earned income annually of $9,000 is against the manifest weight of the evidence, and fatally flaws the court's determination of child support."
 {¶ 8} Appellee filed a cross-appeal and now raises the following assignments of error:
 {¶ 9} "[1.] The trial court erred and abused its discretion by awarding only $800 per month for six (6) years for spousal support as such award was insufficient pursuant to [R.C.]3105.18.
 {¶ 10} "[2.] The trial court erred in failing to make an equal and/or equitable division of the marital assets [R.C.]3105.171(C)(1)."
 {¶ 11} Appellant's first two assignments of error are interrelated and will be addressed in a consolidated manner. Under his first assignment of error, appellant asserts that the trial court erred in awarding appellee spousal support in the amount of $800 per month for six years. For his second assignment of error, appellant posits that the trial court's determination that appellee earned an annual income of $9,000 was against the manifest weight of the evidence, and thus, the spousal support determination was incorrect.
 {¶ 12} A trial court is granted broad discretion in awarding spousal support to either party when it is reasonable and appropriate. See R.C. 3105.18(C)(1); McMahon v. McMahon, 11th Dist. No. 2001-P-0042, 2002-Ohio-3378, at ¶ 8. A reviewing court will not disturb an award of spousal support absent an abuse of discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67.
 {¶ 13} To determine whether spousal support is appropriate and reasonable, the trial court is required, under R.C.3105.18(C)(1), to consider all of the following factors: "(1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant." Davis v. Davis
(Mar. 31, 2000), 11th Dist. No. 98-P-0122, 2000 WL 522481, at 3.
 {¶ 14} In Stafinsky v. Stafinsky (1996),116 Ohio App.3d 781, 784, this court held that a trial court must provide facts and reasons when awarding spousal support, and stated that: "[i]n making spousal support awards, R.C.3105.18 requires the trial court to review the statutory factors in [R.C. 3105.18(C)(1)] that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review.Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,96-97 * * *." (Parallel citation omitted.)
 {¶ 15} Moreover, a trial court does not satisfy this requirement by simply stating that it considered the R.C.3105.18(C)(1) factors: "`It is required that an entry awarding spousal support provide some illumination of the facts and reasoning underlying the judgment. * * * This is true even though evidence was introduced below and contained in the record which may support some award of spousal support. * * *' (Citation omitted)" Herman v. Herman (Mar. 28, 1997), 11th Dist. No. 96-P-0194, 1997 WL 158106, at 4. See, also, Stafinsky at 784. In reviewing a spousal support award, an appellate court must "look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably * * *." Kunkle at 67.
 {¶ 16} With the above principles in mind, it is our view that the trial court's May 5, 2003 judgment entry satisfies the requirement to provide facts and reasons when awarding spousal support. See Lamb v. Lamb (Mar. 8, 2002), 11th Dist. No. 2001-P-0027, 2002 WL 370037, at 3. Specifically, the trial court's entry provided the following:
 {¶ 17} "This is a marriage of 18 years and [appellee] is the primary caretaker of the two minor children of the marriage. Considering [appellee's] ability to earn income in the work force as compared with [appellant's] ability ([appellant] earns $57,000 compared to [appellee's] earnings of $9,000), the expenses of [appellee] and her financial needs, [appellee's] health problems which further limit her ability to find better employment, the education of the parties, along with the other factors enumerated in O.R.C. 3105.18, it is further ORDERED, ADJUDGED and DECREED that [appellant] shall pay, as spousal support, the sum of Eight Hundred Dollars ($800) a month for Seventy-Two (72) consecutive months or until [appellee] shall remarry or die. * * *"
 {¶ 18} In the case sub judice, there was a marriage of long duration, eighteen years. Appellant was the garage service manager at Northfield Tire Company, and he earned a salary of $57,000. Appellee was forty-four years old at the time of the hearing and had a high school diploma. During the course of the marriage, appellee was the homemaker and primary caretaker for the couple's two children. Appellee worked as a residential and commercial cleaner. However, this was not continuous employment because as she stated at the hearing she has a liver condition, and she also lost her best customer. Appellee also does not have any health insurance benefits.
 {¶ 19} Therefore, when considering the totality of the circumstances, we cannot say that the trial court abused its discretion in ordering appellant to pay spousal support in the amount of $800 per month for six years, particularly when the court retained jurisdiction to modify the spousal support award:
 {¶ 20} "It is ordered that the [trial court] retains jurisdiction under R.C. 3105.18(E)(1) to modify the amount of support to be paid and to modify the terms of support to be paid as provided (R.C. 3105.18) (F) if there has been a change in the circumstances of the parties, including, but not limited to any increase or involuntary decrease in the parties' wages, salaries, bonuses, living or medical expenses * * *."
 {¶ 21} It is our position that the spousal support award is both reasonable and appropriate under the circumstances. Accordingly, the trial court did not abuse its discretion in awarding spousal support. Appellant's first and second assignments of error are meritless.
 {¶ 22} In the third assignment of error, appellant contends that the trial court's finding that appellee earned an annual income of $9,000 was against the manifest weight of the evidence, thereby, making the child support amount incorrect.
 {¶ 23} A trial court possesses considerable discretion in child support matters, and thus, a decision will be reversed only upon finding an abuse of discretion. Pauly v. Pauly (1997),80 Ohio St.3d 386, 390, citing Booth v. Booth (1989),44 Ohio St.3d 142, 144. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 24} Appellant challenges the trial court's judgment on manifest weight grounds. A reviewing court will not disturb the findings of the trier of fact unless they are against the manifest weight of the evidence. State ex rel. Shady AcresNursing Home, Inc. v. Rhodes (1983), 7 Ohio St.3d 7, 8. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 25} The instant matter involved conflicting information concerning appellee's financial circumstances. However, at the hearing, appellant could not convincingly explain that appellee earned more than $9,000 in 2002. Accordingly, under these circumstances, appellant has not shown that the child support calculated by the trial court was against the manifest weight of the evidence. Appellant's third assignment of error lacks merit.
 {¶ 26} Now turning to appellee's assignments of error on her cross-appeal. Under her first assignment of error, she argues that the trial court erred in awarding only $800 per month for six years of spousal support as such award was insufficient pursuant to R.C. 3105.18.
 {¶ 27} Based on our discussion in appellant's first assignment of error, it is our position that the trial court did not err in the spousal support award it made. Hence, appellee's first assignment of error on her cross-appeal is without merit.
 {¶ 28} For the second assignment of error on cross-appeal, appellee asserts that the trial court erred in failing to make an equal and equitable division of the marital assets pursuant to R.C. 3105.171(C)(1).
 {¶ 29} Pursuant to R.C. 3105.171(C), the division of marital property is to be equal, unless such a division would produce an inequitable result. In such a case, marital property is to be divided on an equitable basis. Cherry v. Cherry (1981),66 Ohio St.2d 348, 355. A trial court's division of marital property will not be reversed on appeal absent an abuse of discretion. Holcombv. Holcomb (1989), 44 Ohio St.3d 128, 131. Furthermore, an unequal division of marital assets is allowed pursuant to R.C.3105.171(C) only in order to reach an equitable outcome.
 {¶ 30} Here, the court determined that its property division was equal. Appellee was awarded the marital home, her 1995 Ford Explorer, her life insurance, the canoe and her separate property. The household furnishings were equally divided, and the rental property was to be sold and after appellant was reimbursed for repairs he made, the profits were to be split evenly. Appellant was awarded the 1995 Dakota truck, the 1974 Plymouth Baracuda, the 1999 Harley-Davidson, the 1975 Galaxy boat, the 1984 camper, the computer, his IRA, his life insurance, his tools, and the personal items taken from the barn. In view of the facts of this case, even though there may have been an unequal division of the marital assets, we conclude that it resulted in an equitable outcome. Further, there was no proof that the unequal amount of debt prejudiced appellee. Therefore, the trial court did not abuse its discretion. Appellee's second assignment of error on her cross-appeal is overruled.
 {¶ 31} For the foregoing reasons, appellant's assignments of error are not well taken, and appellee's assignments of error on cross-appeal are not well taken. The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
Christley and Grendell, JJ., concur.
[1] For purposes of this opinion, appellant/cross-appellee will hereinafter be referred to as appellant and appellee/cross-appellant will be referred to as appellee.
[2] In appellee's answer and counterclaim, she claims that the date of the marriage was May 18, 1985.