[Cite as *Cianfaglione v. Cianfaglione*, 2019-Ohio-71.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| ANGELA S. CIANFAGLIONE, | : | **O P I N I O N** |
| Plaintiff-Appellee/ Cross-Appellant, | : | |
| | : | **CASE NO. 2017-L-134** |
| - vs - | : | |
| | : | |
| ANDREW W. CIANFAGLIONE, | : | |
| Defendant-Appellant/ Cross-Appellee. | : | |

Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 2015 DR 00290.

Judgment: Affirmed in part, reversed in part, and remanded.

*L. Bryan Carr*, Carr, Feneli & Carbone Co., L.P.A., 1392 SOM Center Road, Mayfield Heights, OH 44124 (For Plaintiff-Appellee/Cross-Appellant).

*Lynn B. Schwartz*, Lynn B. Schwartz Attorney At Law LLC, 31100 Pinetree Road, Suite 225, Pepper Pike, OH 44124 (For Defendant-Appellant/Cross-Appellee).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant/Cross-Appellee, Andrew W. Cianfaglione, and Appellee/Cross-Appellant, Angela S. Cianfaglione, appeal the divorce judgment following trial. We affirm in part, reverse in part, and remand.

{¶2} The parties were married in 1986 and have no minor children. Angela filed for divorce in 2015 and Andrew counterclaimed. Trial was held in July and September of

2016, and the parties submitted written closing arguments. The magistrate issued his decision in November of 2016, and both parties filed objections. The trial court thereafter adopted the magistrate's decision with modifications and issued the final divorce decree on September 14, 2017.

{¶3} Andrew raises two assignments of error and Angela asserts three. Andrew's assigned errors assert:

{¶4} "[1.] The trial court erred by classifying the home equity line of credit with Lake National Bank as Appellant's separate debt as there was insufficient evidence to rebut the presumption that the debt was marital. (T.d. 75, p.3).

{¶5} "[2.] The trial court erred and abused its discretion by ordering the sale of the Village Car Wash without requiring the satisfaction of the Lake National Bank home equity line of credit upon its sale. (T.d. 75, p. 3-4)."

{¶6} We address his assignments collectively. Each contends the trial court erred in making him solely responsible for the home equity line of credit he used to keep their car wash business, a marital asset, out of foreclosure because the proceeds were used exclusively to preserve this marital asset.

{¶7} R.C. 3105.171 states in pertinent part:

{¶8} "(B) In divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. * * * the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. * * *

{¶9} "(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would

2

be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable."

**{¶10}** A trial court's division of marital property will not be reversed on appeal absent an abuse of discretion. *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 131, 541 N.E.2d 597 (1989). An unequal division of marital assets is allowed under R.C. 3105.171(C) to achieve an equitable outcome. *Ricciardella v. Ricciardella,* 11th Dist. Portage No. 2003-P-0100, 2004-Ohio-1432, ¶29. "It is axiomatic that '[e]quitable need not mean equal.' *Cherry v. Cherry,* 66 Ohio St.2d 348, 355, 421 N.E.2d 1293 (1981). Whether the trial court's division of property is equitable depends on the facts and the circumstances of each case. *Id.*" *Ornelas v. Ornelas,* 12th Dist. Warren No. CA2011-08-094, 2012-Ohio-4106, 978 N.E.2d 946, ¶33. Equitable means "[j]ust; consistent with principles of justice and right." *Black's Law Dictionary* (10th ed. 2014).

**{¶11}** Here, it is undisputed that Andrew signed his and Angela's names on the necessary documents to secure this home equity line of credit during the marriage without her consent. Thereafter, he claims to have used the proceeds from the line of credit to pay debt associated with the parties' car wash to avoid losing the business.

**{¶12}** As Andrew contends, the court did not credit him with this amount from the marital assets even though this line of credit was incurred during the marriage on a marital asset. If, as he contends, the loan proceeds were used exclusively for this marital asset, then he presents a viable argument that the trial court abused of discretion. Specifically, regardless of the wrongful manner in which he secured the loan, if the proceeds went entirely to preserve a marital asset, it is inequitable to allow Angela to receive the benefit, i.e., half of the value of the car wash, while obligating Andrew with the entire debt.

3

{¶13} On the other hand, if these funds from this equity line of credit were not traceable as paying for or preserving marital assets, then the court was well within its discretion in finding Andrew solely responsible for this marital debt.

{¶14} The problem before us is that the trial court makes opposing and inconsistent findings on this issue that support different results. At one point it states:

{¶15} "[I]n February, 2014, Defendant entered into an open end mortgage * * * with a credit limit of $60,700. Defendant acknowledged he signed Plaintiff's name to the mortgage without her permission. The [line of credit] had a balance of $54,583.00 on or about June 21, 2106. Defendant has been paying all mortgages and all costs related to the marital residence since the parties' separation in January, 2015. *The evidence shows the proceeds from the home equity line were used exclusively for the car wash.*" (Emphasis added.)

{¶16} One paragraph later it finds the opposite:

{¶17} "The Court finds that the * * * equity line is the sole responsibility of Defendant. Plaintiff did not authorize Defendant to sign her name to the equity line. *The parties were experiencing marital problems at the time, Defendant controlled all funds access through the home equity line and the proceeds cannot be traced to a specific payment or use.*" (Emphasis added.)

{¶18} As stated, the court's decision finding Andrew personally responsible for this debt is not equitable *if* the proceeds were spent entirely on a marital asset. For example, if a married couple owns a home valued at $1 million that has a $1 million mortgage, and the husband secretly secures a loan and pays off the mortgage, then following the trial court's logic, upon selling this home, each would split the proceeds and

4

be awarded $500,000. But husband would be saddled with the debt leaving him $500,000 in debt and his wife with $500,000. Had he not secured the loan and paid off the mortgage, then upon the sale of the home the mortgage would be retired and each would have nothing.

{¶19} Although we do not condone the manner in which Andrew secured this home equity line of credit, if he used the proceeds exclusively for a marital asset, then obligating him to repay the entire loan while allowing Angela to retain the benefit of the loan is unnecessarily punitive and inconsistent with equitable division. R.C. 3105.171(B). Thus, if the trial court maintains its finding that the line of credit was used exclusively for the car wash, then obligating Andrew with the entirety of this debt is inequitable. And absent other reasons not stated in the decision, a finding in this regard constitutes an abuse of discretion.

{¶20} On the other hand, if the trial court determines that the proceeds from this home equity line of credit could *not* be traced to a specific payment or use, as the trial court also finds, and the proceeds were not used exclusively for preserving a marital asset, then these findings coupled with the fact that Andrew secured the loan without Angela's consent and controlled the proceeds of the line of credit, support the trial court's decision making him solely responsible for this debt as equitable and reasonable. Thus, there would be no abuse of discretion.

{¶21} Because the trial court's findings on this issue are diametrically opposed and support opposite conclusions, reversal and remand is required for clarification on this limited issue. Accordingly, Andrew's first and second assignments of have merit in part.

{¶22} Appellee/Cross-Appellant, Angela, raises three assignments of error:

5

{¶23} "[1.] The trial court erred in failing to award attorney fees to Appellee/ Cross-Appellant.

{¶24} "[2.] The trial court failed to value and distribute A W Cianfaglione Builder, LLC and its assets.

{¶25} "[3.] The trial court erred in failing to issue a distributive award against appellant."

{¶26} She first claims the trial court abused its discretion in failing to award her attorney fees and expenses incurred in the divorce, claiming that Andrew was deceptive and evasive during the proceedings and that the court witnessed his forgery as well as his concealment of assets and misrepresentation of facts. She also claims that equity dictates that he should pay her attorney fees because he used the marital business account to pay his attorney fees.

{¶27} R.C. 3105.73(A) states in part:

{¶28} "In an action for divorce, * * * a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."

{¶29} Thus, a trial court has discretion to award attorney fees and expenses, and our review of a court's decision regarding attorney fees is limited to whether it abused its discretion.

{¶30} "Absent a clear abuse of discretion, a reviewing court will not reverse the judgment of the trial court. *Birath v. Birath,* 53 Ohio App.3d 31, 39, 558 N.E.2d 63 (10th

6

Dist.1988). '* * * the term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood,* 11th Dist. No. 2008-L-113, 2009-Ohio-2089, 2009 WL 1177050, ¶ 30, citing *State v. Ferranto,* 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925). * * * [W]here the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.' *Id.* at ¶67." *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70.

**{¶31}** The trial court considered the request for attorney fees and declined to award the same following Angela's objection on this basis:

**{¶32}** "[T]he Plaintiff complains the Magistrate failed to award her attorney fees and expenses. The Plaintiff argues the Defendant failed to cooperate during discovery, yet the case record shows no motions to compel discovery were filed by the Plaintiff, nor a request for sanctions. The exhibits show the return of Defendant's discovery responses and documents requested by the plaintiff. In fact, it was the Defendant who filed a motion to compel discovery. The Court finds the Plaintiff has sufficient income to be responsible for her fees."

**{¶33}** As found by the trial court, there is nothing reflecting dilatory tactics by Andrew or his attorneys in responding to discovery. Instead, his attorney filed a motion to compel against Angela.

**{¶34}** And while we agree that Andrew's testimony reflects that he may have been less than forthcoming with his business records and in his answers on cross-examination

7

regarding his businesses, there is nothing demonstrating that he failed to fully respond to discovery or that he was lying at trial.

{¶35} Thus, the trial court's decision comports with reason and the record, and Angela's first assigned error is overruled.

{¶36} Her second assignment claims the trial court erred in failing to value AW Cianfaglione Builder, LLC, a marital asset, and distribute it between them. She also claims it erred in failing to value and divide the value of a pending lawsuit that the construction company filed. We disagree.

{¶37} Andrew started his general contracting business, AW Cianfaglione Builder, LLC, during the marriage in October of 2007. As alleged, the court did not determine the value of AW Cianfaglione Builder, LLC. However, neither party presented expert valuation of this company or otherwise established the value of this asset. Angela's counsel went to great lengths to question Andrew at trial about the company's finances and reviewed his banking accounts in great detail. Angela did not, however, present evidence as to the value of the business, but merely offered a recitation of company's bank accounts under oath. Andrew likewise did not offer evidence as to the value of his construction business.

{¶38} Furthermore, both parties agreed that many of their household expenses were paid from Andrew's business accounts for years, which the court emphasizes in its decision. Accordingly, because of the lack of evidence as to the company's value, the court valued the company's assets and then ultimately awarded them to Andrew in its equitable distribution of marital property.

**{¶39}** Angela asserts that Andrew and his counsel deliberately failed to produce documents and discovery regarding this business in an effort to conceal his assets and financial misconduct. The trial court did not, however, find any financial misconduct. Further, in overruling Angela's objections, the trial court explained:

**{¶40}** "The plaintiff objects to the Magistrate's failure to value and distribute A W Cianfaglione Builders, LLC between the parties. Ironically, the Plaintiff complains the Magistrate fails to value the business, yet the Plaintiff herself proffered no evidence as to the business's value. * * * During trial, Plaintiff's counsel's painstaking examination of the LLC's checking account deposits for the years 2014, 2015, and part of 2016 and for checks written on said account by the Defendant during the same time frame *does not equal a valuation for the LLC.* The only assets of the business in evidence were the 1990 Mack truck, skid steer and Chevy Silverado truck. * * *

**{¶41}** "The Plaintiff argues the Defendant paid for numerous personal expenses which included household expenses from the LLC checking account after the parties' separation. The Plaintiff argues such payments were a dissipation of marital assets by the Defendant. * * * the Defendant testified said LLC account had paid the monthly household and personal expenses for both parties in years prior to 2014. The LLC was incorporated in 2007 * * *. Apparently, the Plaintiff found no fault with the LLC paying household bills and personal expenses from the LLC's incorporation in 2007 through January 2015." (Emphasis added.)

**{¶42}** "[B]efore distributing the marital assets, the trial court must value the assets in order to achieve an * * * equitable distribution. *Meeks v. Meeks,* 10th Dist. No. 05AP-315, 2006-Ohio-642, citing *Hightower v. Hightower,* 10th Dist. No. 02AP–37, 2002-Ohio-

5488, ¶22. A trial court's determination of valuation based on competent, credible evidence will be upheld absent an abuse of discretion. *Sherman v. Sherman,* 10th Dist. No. 05AP-757, 2006-Ohio-2309, ¶7, citing *Moro v. Moro,* 68 Ohio App.3d 630, 637 (8th Dist.1990)." *Dach v. Homewood,* 10th Dist. Franklin No. 14AP-502, 2015-Ohio-4191, ¶61.

{¶43} Here, the trial court did not value the company because neither party offered evidence on this issue. Instead, it divided the company's assets consistent with the evidence, i.e., the Mack truck had a value of $11,000, the Bobcat was valued at $3,000, and the Silverado was valued at $9,000. It then awarded these assets to Andrew in equitably dividing the parties' property. In light of the lack of evidence as to the value of the construction company as a whole, we find no abuse of discretion. *Pearlstein v. Pearlstein,* 11th Dist. Geauga No. 2008-G-2837, 2009-Ohio-2191, ¶117 (upholding the lack of value and division of a marital asset because there was no evidence offered on which the trial court could base its decision).

{¶44} The same is true regarding the claimed lack of value of the pending lawsuit filed by AW Cianfaglione Builder, LLC. The fact that the company's complaint seeks to recover $100,000 does not mean that the lawsuit has any value, let alone the stated demand. Because neither side offered evidence as to the value of the pending lawsuit, the court did not abuse its discretion in failing to value it.

{¶45} Regardless of the value, the court erred in awarding the proceeds of the lawsuit entirely to Andrew. At trial Andrew confirmed that plaintiff's exhibit 17 was a copy of the lawsuit that his construction company filed against another company. This exhibit is a complaint for breach of contract, unjust enrichment, and quantum meruit for monies

10

allegedly owed to AW Cianfaglione Builder, LLC for a contract entered into in November 2014, and for work allegedly performed thereunder between December 2014 through January of 2015 for which Andrew's company had not been paid. At trial, he confirms that the lawsuit was still pending, but that he did not know the value of the suit.

**{¶46}** Consistent with R.C. 3105.171(A)(2)(a), the trial court found that the "during the marriage" was from the date of the parties' marriage in 1986 until the date of trial, i.e., July 21, 2016. Moreover, R.C. 3105.171(A)(3)(a) defines "marital property," in part, as any interest in real and personal property currently owned by either or both spouses or that was acquired during the marriage by either spouse, and any income of either or both earned during the marriage.

**{¶47}** Thus, and as alleged, the proceeds of this lawsuit, if any, accrued during the marriage, and as such, are subject to equitable division under R.C. 3105.171(B). The award of the proceeds of this lawsuit to Andrew alone is erroneous, and Angela's second assignment has merit in part.

**{¶48}** Angela claims in her third and final assigned error that the court erred in failing to issue a distributive award in her favor based on Andrew's alleged financial misconduct.

**{¶49}** Upon considering claimed financial misconduct during divorce proceedings, a court "may compensate the offended spouse with a distributive award or with a greater award of marital property." R.C. 3105.171(E)(4). The court's decision in this regard is discretionary, which we review under the abuse of discretion standard. *Orwick v. Orwick*, 7th Dist. Jefferson No. 04 JE 14, 2005-Ohio-5055, ¶26.

**{¶50}** "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property." R.C. 3105.171(E)(4).

**{¶51}** "'Financial misconduct implies some type of wrongdoing which results in the offending spouse either profiting from the misconduct or intentionally defeating the other spouse's distribution of marital assets.' *Carpenter v. Carpenter,* 7th Dist. Noble No. 06-NO-331, 2007-Ohio-1238, 2007 WL 827720, ¶15, citing *Wideman v. Wideman,* 6th Dist. Wood No. WD-02-030, 2003-Ohio-1858, 2003 WL 1861002, ¶34." *Chattree v. Chattree,* 8th Dist. Cuyahoga No. 99337, 2014-Ohio-489, 8 N.E.3d 390, ¶18.

**{¶52}** Here, the trial court did not find that Andrew committed financial misconduct. In fact, in overruling her objection on this basis, the court explained:

**{¶53}** "It is undisputed that [Andrew] had sole control of the business checking count for the LLC and the business checking account for the car wash. * * * [T]he marital bills and both parties' other expenses were paid from these accounts throughout much of the marriage. * * * the plaintiff acquiesced in this manner of living many years before the parties' separation. The Court finds no financial misconduct of the Defendant."

**{¶54}** The trial court's decision does not reflect an abuse of discretion, and Angela's third assigned error is overruled.

**{¶55}** The trial court's decision is affirmed in part, reversed in part, and remanded.


CYNTHIA WESTCOTT RICE, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.


12